```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

------------------------------x
                              :
JEFFREY N. GILBERT            :   Civ. No. 3:15CV00988(AWT)
                              :
v.                            :
                              :
E.I. DUPONT DE NEMOURS & CO., :   June 9, 2016
AXALTA COATING SYSTEMS, LLC   :
and PASSONNO PAINTS, INC.     :
                              :
------------------------------x
```

### RULING ON AXALTA COATING SYSTEMS, LLC AND PASSONNO PAINTS, INC.'S MOTIONS FOR PROTECTIVE ORDER [Doc. ##39, 40]

Pending before the Court are the motions of defendants Axalta Coating Systems, LLC ("Axalta") and Passonno Paints, Inc. ("Passonno"), seeking orders of protection from the production of documents sought in connection with two notices of deposition served by plaintiff, Jeffrey N. Gilbert ("plaintiff"). [Doc. ##39, 40]. Plaintiff has filed a Memorandum of Law in Opposition to Axalta and Passonno's Motions for Protective Order. [Doc. ##41, 44]. Axalta and Passonno have each filed a reply to plaintiff's opposition. [Doc. ##43, 47]. For the reasons articulated below, the Court **GRANTS** Axalta and Passonno's Motions for Protective Order. [Doc. ##39, 40].

**A. Background**

Plaintiff brings this products liability action against Axalta, Passonno, and a defendant not implicated by the Motions for Protective Order, E.I. Du Pont de Nemours & Co. See Doc. #1,

1

Complaint. Upon the referral of District Judge Alvin W. Thompson, on October 28, 2015, the undersigned conducted a telephonic case management and scheduling conference. [Doc. ##36, 38]. Following this conference, the Court entered a Scheduling Order requiring, inter alia, that all written discovery be served and responded to on or before February 5, 2016. [Doc. #37 at 1]. Depositions of all fact witnesses were to be completed by April 29, 2016. Id. Fact discovery also closed on April 29, 2016. Id.

On April 19, 2016, just ten days before the fact witness deposition deadline and the close of discovery, plaintiff served via electronic mail three notices of deposition, one directed to each named defendant. The notice directed to Axalta set a deposition for April 28, 2016, of "an individual at Axalta ... with the most knowledge of Axalta['s] ... paint products, testing of their paint products, warnings about their paint products, sales of their paint products, and of the facts which are the subject of this action." [Doc. #39-2]. The notice also included a Request to Produce at Deposition seven categories of documents. Id.

Similarly, the notice directed to Passonno set a deposition for April 28, 2016, of "an individual at Passonno ... with the most knowledge of Passonno['s] ... paint products, testing of their paint products, warnings about their paint products, sales

of their paint products, and of the facts which are the subject of this action," [Doc. #40-2]. The notice similarly included a Request to Produce at Deposition seven categories of documents. Id.

In accordance with the Local Rules, counsel for plaintiff and defendants Axalta and Passonno (hereinafter Axalta and Passonno are collectively referred to as the "defendants") held a good faith meet and confer to discuss defendants' objections to the April 19, 2016, notices of deposition. As a result, the parties have reached a tentative resolution of all issues, except the Requests to Produce at Deposition seeking document production. Presumably as a result of this meet and confer, on May 12, 2016 and May 24, 2016, plaintiff re-issued the respective Notices of Deposition, each of which (six in total) contemplates a different topic of examination, and which seek the same Requests to Produce at Deposition, albeit now distributed amongst the separate notices. See Doc. ##41-1, 43, 44-1, 47. Defendants do not object to the depositions of their respective corporate representatives.

**B. Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

>case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Notwithstanding the breadth of the discovery rules, the district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. See Fed. R. Civ. P. 26(c)(1). Rule 26(c) of the Federal Rules of Civil Procedure provides, in pertinent part: "The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The movant bears the burden of demonstrating good cause for the issuance of the protective order. See Brown v. Astoria Fed. Sav. & Loan Ass'n, 444 F. App'x 504, 505 (2d Cir. 2011). "To establish good cause under Rule 26(c), the party must set forth a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Bernstein v. Mafcote, Inc., 43 F. Supp. 3d 109, 113 (D. Conn. 2014) (citing Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006)).

**C. Discussion**

Defendants' motions seek an order protecting them from being required to respond to the Requests to Produce at Deposition set forth in the April 19, 2016, notices of deposition.[1] Each moving defendant asserts the same arguments in support of granting a protective order, specifically, that (1) the notices are an attempt to circumvent the Scheduling Order and (2) the notices fail to provide the requisite 30 days pursuant to Rule 34 in which to respond to document requests. Plaintiff's response, which notably does not rely on any binding authority, claims that the notices of deposition were made pursuant to Rule 30(b)(2), and therefore, "whether the plaintiff can attach a Rule 34 request for documents to a Rule 30(b)(2) party deposition notice after the deadline for written discovery had passed depends on the nature and volume of the documents or things sought by the deposition notice." [Doc. #41 at 3l; Doc. #43 at 3]. Plaintiff continues: "If the documents sought are few and simple and closely related to the oral examination sought the document request falls under Rule 30(b)(2)." Id. at 3-4 (citing Carter v. United States, 164 F.R.D. 131, 133 (D. Mass. 1995)).

---

[1] Because the Motions for Protective Order pre-dated the re-issued notices of deposition, the Court construes the defendants' objections to the original notices as applying in equal force to the re-issued notices.

Plaintiff's argument is misplaced and unpersuasive. The original notices provided less than ten days in which to produce a corporate witness for the deposition.[2] "That is simply not enough notice[.]" Lagnese v. Town of Waterbury, No. 15CV00975(AWT), 2015 WL 7432318, at *2 (D. Conn. Nov. 23, 2015) (deposition notices issued one to six calendar days before scheduled deposition did not provide enough notice), adhered to on reconsideration sub nom. Lagnese v. City of Waterbury, No. 15CV00975(AWT), 2015 WL 9255540 (Dec. 18, 2015). This is particularly true of providing notice to corporations, such as the defendants here, whose designated witnesses are likely to live out of state, or to have other matters occupying their calendars well in advance of a mere nine days' advance notice.

Of further concern is that the original notices requested that documents be produced at the time of deposition, i.e., within nine days. The original notices were issued pursuant to Rules 30(b) and 34. [Doc. #39-2, 40-2]. "Rule 30, which allows the deposing party to request that documents be produced at the time of the deposition, does indeed incorporate Rule 34. Rule 34, in turn, states that the party to whom the request is directed must respond in writing within 30 days after being served. The Court has found nothing to indicate that the 30-day

---

[2] Notably, the re-issued notices of deposition do not set forth a date for the depositions of defendants' representatives, likely because the Motions for Protective Order were then pending.

limitation is not applicable to document requests incorporated into deposition notices." Lagnese, 2015 WL 7432318, at *2. Indeed, Courts in this district, and others, have explicitly found Rule 34 applicable to Rule 30(b)(2) document requests. See Sheehy v. Ridge Tool Co., No. 3:05CV01614(CFD)(TPS), 2007 WL 1548976, at *4 (D. Conn. May 24, 2007) (granting protective order where: "The notices [of deposition] gave the defendants only seven to eleven days to produce documents and/or assert objections. Under Rule 30(b)(5) any request for the production of documents made in a notice for deposition is governed by Rule 34. Rule 34(b) permits 30 days to respond to a production request. The production requests attached to the notices of deposition in question thus violate the Rules.")[3]; Ottaviano v. Pratt & Whitney, Div. of United Techs. Corp., No. 3:00CV536(PCD), 2001 WL 650708, at *1 (D. Conn. June 7, 2001) (finding deponent was "entitled to the full thirty days, from the date of receipt of the notice, in which to respond[]" to Rule 30 requests because Rule 30 "require[s] that Rule 34 be applied to such requests."); RM Dean Farms v. Helena Chem. Co., No. 2:11CV00105(JLH), 2012 WL 169889, at *2 (E.D. Ark. Jan. 19, 2012) ("[A] party has 30 days within which to respond to a document request, even if the request is included in a notice of

---

[3] Federal Rule of Civil Procedure 30(b)(5) was redesignated in 2007 as Federal Rule of Civil Procedure 30(b)(2).

deposition, unless the time is shortened by stipulation or court order." (citation omitted)); ICE Corp. v. Hamilton Sundstrand Corp., No. 05CV4135(JAR), 2007 WL 4334918, at *3 (D. Kan. Dec. 6, 2007) ("Fed. R. Civ. P. 30(b)(5) provides that any deposition notice which is served on a party deponent and which requests documents to be produced at the deposition must comply with Fed. R. Civ. P. 34's thirty-day notice requirement. ... [A] party may not unilaterally shorten that response period by noticing a deposition and requesting document production at that deposition. Other courts outside this District have also adopted this rule." (internal quotation marks and footnotes omitted)); Temple v. Am. Airlines, Inc., No. 3:99CV2289(AH), 2001 WL 1012683, at *2 (N.D. Tex. Aug. 17, 2001) ("[I]n also calling for production of documents, Rule 30(b)(5) and Rule 34 require at least thirty days notice[.]"), aff'd sub nom. Temple v. Am. Airlines, 37 F. App'x 87 (5th Cir. 2002). The original notices of deposition fail to provide defendants with the requisite 30 days in which to respond to the document requests, and therefore violate Rule 34.

The Requests to Produce at Deposition are also untimely under the current Scheduling Order. [Doc. #37]. Pursuant to that order, all written discovery was to have been issued and responded to on or before February 5, 2016. Id. at 1. Here, plaintiff issued his notices of deposition and requests to

produce on April 19, 2016, more than two months after the deadline to issue and respond to written discovery expired. Therefore, not only are the requests untimely, but in light of the date on which the notices were served, defendants could not possibly respond to such requests within the timeframe ordered by the Court. See, e.g., Breffka & Hehnke GmbH & Co. v. M/V GLORIOUS SUCCESS, No. 01CV10599(JFK)(MHD), 2002 WL 31415624, at *3 (S.D.N.Y. Oct. 28, 2002) ("The fact interrogatories are untimely since they were served only two and one-half weeks before the end of fact discovery."); Niederquell v. Bank of Am. N.A., No. 11CV03185(MSK)(MJW), 2013 WL 500385, at *3 (D. Colo. Feb. 11, 2013) ("[T]he plain language of Rule 30 dictates that Rule 34 governs the production of documents at depositions. It follows, therefore, that a Rule 34 request accompanying a notice of deposition must be served prior to the Rule 34 deadline set forth in the scheduling order. ... [H]olding otherwise would largely render the Rule 34 deadline meaningless."). The Court further notes that despite having knowledge of these deadlines since October 28, 2015, plaintiff waited until barely one week before the close of fact discovery to seek any written discovery. See Doc. #39-1 at 2, #40-1 at 2 ("Plaintiff failed to serve written discovery requests within the time permitted by this Court.").

Plaintiff has now re-noticed the defendants' depositions; these notices continue to seek the production of documents at the time of the deposition, which has yet to be set. [Doc. ##41-1, 44-1]. Although these amended notices may cure the technical Rule 34 deficiencies noted above, the document requests and the attendant responses are still untimely under the Court's Scheduling Order. Plaintiff argues that because the Requests for Production at Deposition contained in the re-issued notices are "relatively few and simple," the Court should order defendants to respond despite the fact that such requests and responses fall outside the deadlines for propounding and responding to written discovery. In support of this argument, plaintiff relies on a 1970 advisory committee note to Rule 30(b)(2) and the District of Massachusetts case of Carter, 164 F.R.D. at 133. See Doc. #41 at 3-4, #44 at 3-4. Plaintiff's reliance is misplaced.

Carter specifically addressed the "interrelationship" between the former iteration of Rule 30(b)(2), Rule 34, and the Court's scheduling order. See Carter, 164 F.R.D. at 131. Similar to the circumstances here, in Carter, plaintiff issued notices of deposition for various corporate representatives of defendants, which also sought the production of documents at the time of the deposition. Id. Defendant objected to the notices on several grounds, including that "the Court's original scheduling order, as extended, set a deadline for serving written discovery

10

requests which deadline had long since passed by the time Plaintiff noted the depositions at issue." Id. at 132. The District of Massachusetts Court examined the advisory committee note upon which plaintiff now relies, and stated:

> In essence, a document request under Rule 30(b)[(2)] is a complement to a Rule 30 deposition, not a substitute for a Rule 34 document request. This guideline is entirely in accord with the spirit, if not the letter, of this Court's scheduling order. Thus, while non-expert depositions ... may be completed pursuant to this Court's scheduling order by a date later than that for written discovery requests, document requests which fall under the rubric of a Rule 30(b)[(2)] deposition should be "few and simple" and "closely related to the oral examination" sought. Otherwise, the Court may assume that the document request falls under Rule 34 and, as such, is barred as untimely under the Court's scheduling order.

Id. at 133. Plaintiff contends that the document requests set forth in the re-issued notices of deposition seek "relatively few and simple documents that are limited to a two year time period." [Doc. #41 at 4, #44 at 4]. The Court disagrees with plaintiff's characterization of the documents sought. First, although plaintiff has limited his requests to a two-year time period, he specifically seeks documents for the two-year time period preceding May 24, 2012. This would require defendants to search for documents that are four to six years old and likely not readily available for production. Second, the nature of the documents sought has the potential to implicate broad swaths of information, and not, as contemplated by the Carter court,

11

documents which are "few and simple and closely related to the oral examination." Carter, 164 F.R.D. at 134. For example, from defendant Axalta plaintiff seeks, inter alia: "Copies of any and all correspondence (paper and electronic) between Axalta Coating Systems, LLC and Hartford Wire Works, Windsor, CT in the two years prior to May 26, 2012."; "Copies of all invoices, receipts, placement orders, accompanying literature, contracts, warnings, etc. involving paint products/orders etc. (either in paper or electronic format) sent and received to and from Hartford Wire Works, Windsor, CT in the two years prior to May 26, 2012."; and "Copies of any and all correspondence (paper or stored electronically) in possession concerning any safety or health concerns involving the paint products and their contents/ingredients/chemicals (produced at any time) sent/sold to Hartford Wire Works, Windsor, CT in the two years prior to May 26, 2012." [Doc. #41-1]. These are but three of seven requests directed to representatives of Axalta. Plaintiff seeks similar production from the representatives of Passonno. See generally Doc. #44-1. Not only do these requests potentially implicate documents that have no relevance to plaintiff's claims, but they further have the potential to yield a significant volume of documents. This plainly falls outside the contemplation of Carter and the 1970 advisory committee note. Accordingly, plaintiff's argument on this point is without

merit, as the Requests for Production at Deposition fall under the rubric of Rule 34, and therefore, are untimely under the Court's Scheduling Order.

Finally, plaintiff contends that the defendants, "to secure an advantage at trial, [are] merely trying to prevent the plaintiff from obtaining the necessary information needed for trial." Id. at 4. This statement is unsupported. Any prejudice to plaintiff resulting from the inability to obtain the requested documents was caused primarily by his delay in propounding discovery in this matter. Defendants have agreed to produce their witnesses for deposition, and plaintiff may attempt to obtain the information he seeks through that testimony. Although preparing for such depositions may be impeded without the use of documents, plaintiff chose not to seek fact discovery until the eleventh hour -- a mere ten days before the close of fact discovery, and over two months after the deadline for issuing and responding to written discovery.

As stated by the Eastern District of New York:

> The Second Circuit has ... held that the discovery period should not be extended when a party has had ample opportunity to pursue the evidence during discovery. Trebor Sportswear Co., Inc. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) ("trial court may properly deny further discovery if the non-moving party has had a fully adequate opportunity for discovery"); Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (denying further discovery because plaintiff had "ample time in which to pursue the discovery that it

13

>  now claims is essential"); see also Fed. R. Civ. P. 26(b)(2)(C)(ii) (court "must" limit scope of discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action").

Wingates, LLC v. Commonwealth Ins. Co. of Am., 21 F. Supp. 3d 206, 215 (E.D.N.Y. 2014), aff'd, 626 F. App'x 316 (2d Cir. 2015). Here, plaintiff was afforded ample time to complete written discovery.[4] Plaintiff declined to do so.

Accordingly, defendants' Motions for Protective Orders [Doc. #39, 40] are **GRANTED**. Defendants shall not be required to respond to the Requests for Production at Deposition.[5] The deadline by which to depose the corporate representatives of Axalta and Passonno is hereby extended, nunc pro tunc, to July 6, 2016. **This order does not extend any other deadlines in this matter.**

---

[4] Indeed, the parties' Rule 26(f) Report contemplated that all discovery would commence by August 21, 2015, which therefore provided plaintiff over five months to complete written fact discovery. See Doc. #34 at 4.

[5] The parties are, of course, expected to comply with the Federal Rules of Evidence, including Rule 612, which provides that when a witness uses a writing to refresh memory, the "adverse party is entitled to have the writing produced at the hearing, to inspect it, [and] to cross-examine the witness about it[.]" Fed. R. Evid. 612(b). See Ice Corp., 2007 WL 4334918, at *4-5 (discussing Federal Rule of Evidence 612 in the context of producing documents at deposition).

**D. Conclusion**

For the reasons set forth herein, the Court **GRANTS** defendants' Motions for Protective Order. [**Doc. ##39, 40**].

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 9th day of June, 2016.

                                    /s/
                            HON. SARAH A. L. MERRIAM
                            UNITED STATES MAGISTRATE JUDGE